In the Matter of the Petition of MARCUS T. HUN et al., Executors, etc.

A local assessment for street improvements, imposed under municipal authority upon particular property benefited, is not, in the absence of some statute making it such, a general or personal charge upon the property owner, but is only in the nature of a lien upon the property assessed, and the proceedings for its collection are *in rem*.

Prior to the death of J. certain assessments for street paving and regulating had been assessed upon certain real estate in the city of Albany of which she died seized. Upon application of the executors of the will of J. for instructions as to the payment of said assessments, *held*, that as no action at law could have been maintained against her for the collection of the assessment, as, by the city charter (§§ 29, 37, chap. 298, Laws of 1883), such an assessment when confirmed becomes a lien or charge upon the property, but it does not become a debt or personal claim against the property owner who did not sign the petition required to confer jurisdiction to make it, and as J. did not sign the petitions in this case, the assessments were not debts or taxes within the meaning of the Code of Civil Procedure (§ 2719) which imposes upon executors the duty of paying the debts of the decedent and all taxes assessed on the property at the time of the death; that the lien of each assessment was analogous to that of a mortgage; and so, the obligation to pay was cast upon the devisees who took said real estate (1 R. S. 749, § 4), not upon the executors.

(Argued January 14, 1895; decided January 22, 1895.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made September 27, 1894, which affirmed an order of Special Term granting the petition of the executors of the will of Jane C. Van Schaick, deceased, giving instructions as to the payment of certain assessments upon lands in the city of Albany.

The facts, so far as material, are stated in the opinion.

*John J. Linson* for appellant.   The question presented on
this application is, simply, whether an assessment for local
improvements, levied under the provisions of the charter of
the city of Albany, and which has become an existing liability,
by confirmation, at the time of the death of the owner of the
property assessed, is to be paid by the executor out of the per-
sonalty, if sufficient, or by the devisees.   The liability in ques-
tion falls within the second class enumerated in the statute,
as being debts of the decedent to be paid by the per-
sonal representative. (Code Civ. Pro. § 2719; *People* v.
*Mayor, etc.,* 6 Barb. 214; *Howell* v. *City of Buffalo,*
37 N. Y. 267; *In re Van Antwerp,* 56 id. 261; *Curtis*
v. *Pierce,* 115 Mass. 186; *Blake* v. *Baker,* Id. 118;
*Mitchell* v. *Williams,* 27 Ind. 62; *Hanson* v. *Vernon,* 27
Iowa, 25.)   Another reason why these assessments should
be paid from the personalty is that they constitute a charge
on a part of testator's real property, and were, therefore, at
common law, to be paid by the personal representative.   This
rule was well established and was applicable whether there
was a bond or covenant to pay or not. (Williams on Execu-
tors, 1020; *Howel* v. *Price,* 1 P. Wms. 291, 294; *Cope* v.
*Cope,* 2 Salk. 449; *Balsh* v. *Hyham,* 2 P. Wms. 455; *King*
v. *King,* Id. 358; *In re Noyes,* 13 Hun, 369; Roper on
Legacies, 732; *Mosly* v. *Marshall,* 27 Barb. 245; *Wright* v.
*Holbrook,* 32 N. Y. 587; *Hone* v. *Lockman,* 4 Redf. 61;
*Seabury* v. *Bowen,* 3 Bradf. 257; Laws of 1882, chap. 410,
§ 878.)

*Jno. Alex. Beall* for respondents Broadhead *et al.*   The
assessments in question do not constitute debts of the deceased
for which her personal estate is in any way liable, or for which
an action can be maintained against the executors. (Laws of
1883, chap. 298; Dillon on Mun. Corp. § 653.)   The assess-
ments in question are not " taxes " as that word is used in sec-
tion 2719 of the Code of Civil Procedure. (Laws of 1882,
chap. 410, § 878; *Gouverneur* v. *Mayor, etc.,* 2 Paige, 431;
*Mayor* v. *Colgate,* 2 Duer, 1; 12 N. Y. 140; *Sharp* v. *Speir,*

4 Hill, 83.) The assessments are liens upon the real estate in the hands of the devisees for the payment of which they are not entitled to call upon the executors. (*Cope* v. *Cope*, 2 Salk. 167; *Bagot* v. *Oughton*, 1 P. Wms. 347; *Coventry* v. *Coventry*, 2 id. 222; *Edwards* v. *Freeman*, Id. 435; *Evelyn* v. *Evelyn*, Id. 664; *Rice* v. *Harbeson*, 2 T. & C. 4; *Halsey* v. *Reed*, 9 Paige, 454; *House* v. *House*, 10 id. 158.) The testatrix was not named in either of the assessment rolls as the owner of the premises assessed, and even if the proviso of section 50, title 9 of chapter 298 of the Laws of 1883 had been repealed or was for any cause inoperative, neither she nor her personal estate could be held liable. (*M. L. Ins. Co.* v. *Sage*, 4 N. Y. S. R. 124.)

*Russell M. Johnston* for petitioners, respondents. The assessments in question were not personal obligations on the part of Miss Van Schaick. (Laws of 1883, chap. 298; *Camden* v. *Allen*, 2 Dutch. 398; *Durant* v. *Suprs.*, 26 Wend. 66; Dillon on Mun. Corp. [4th ed.] 815; *Meriwether* v. *Garrett*, 102 U. S. 472; *D. S. Bank* v. *U. S.*, 19 Wall. 227; Tiedeman on Mun. Corp. § 282.) The term "taxes" does not include assessments made by a municipal corporation under authority derived from the legislature. (*Sharp* v. *Johnson*, 4 Hill, 92; *In re Ford*, 6 Lans. 92; *In re Mayor, etc.*, 11 Johns. 77; *Roosevelt* v. *Mayor, etc.*, 84 N. Y. 108; Dillon on Mun. Corp. § 761; Cooley on Taxn. 675; Tiedeman on Mun. Corp. § 282; *Wolf* v. *City of Philadelphia*, 105 Penn. St. 25; *Litchfield* v. *Vernon*, 41 N. Y. 134; *Pierce* v. *Boston*, 3 Metc. 520; *Neenan* v. *Smith*, 50 Mo. 525; *Camden* v. *Allen*, 2 Dutch. 398.) These assessments occupy the same position to this estate as that of a mortgage, prior to the passage of the Revised Statutes, which was a lien upon either piece of property in question, and for which the testatrix was not personally liable. (R. S. [8th ed.] p. 2461, § 4.) Section 50 of title 9 of chapter 298 of the Laws of the State of New York for the year 1883 has not been repealed. (*People* v. *Lacombe*, 99 N. Y. 43; *Kingsland* v. *Palmer*, 52

id. 83; *Matter of Hanover*, 3 Redf. 91; *Davies* v. *Fairburn*, 3 How. [U. S.] 636; *In re Central Park*, 50 N. Y. 493; *Wood* v. *Suprs.*, 136 id. 403; *In re Catholic Prot.*, 101 id. 195; *In re Knaust*, Id. 188; *People ex rel.* v. *Green*, 64 id. 606; *Ackerson* v. *Suprs.*, 45 N. Y. S. R. 173; *Vandenburgh* v. *Vil. of Greenbush*, 66 N. Y. 1; *B. C. Assn.* v. *City of Buffalo*, 118 id. 61; *In re Evergreens*, 47 id. 216; *In re Main Street*, 98 id. 454; *Durant* v. *Supervisors*, 26 Wend. 66; *Stuart* v. *Palmer*, 74 N. Y. 183; *Rathbun* v. *Acker*, 18 Barb. 395; *Sharp* v. *Johnson*, 4 Hill, 92; *Hagar* v. *Reclam. Dist.*, 111 U. S. 701.)

*Frederic DeP. Foster* for respondents Winthrop *et al.* The assessments during the lifetime of the testatrix constituted merely a charge upon the property assessed, and she was not personally liable for their payment. (Laws of 1883, chap. 298, §§ 25, 29, 30, 36, 37, 50, 56; Laws of 1891, chap. 286; Cooley on Taxn. 16; *Mayor, etc.,* v. *Colgate*, 12 N. Y. 141.) If, as has been shown, the assessments during the lifetime of the testatrix were a charge upon the land exclusively, and the testatrix could not have been made personally liable for their payment, they are not now, after her death, payable by her executors out of her personal estate. (*Cumberland* v. *Codrington*, 3 Johns. Ch. 229; *Neenan* v. *Smith*, 50 Mo. 525; *Taylor* v. *Palmer*, 31 Cal. 240; *Smith* v. *Cornell*, 111 N. Y. 550.)

O'BRIEN, J. In this case the executors asked the instructions of the court with respect to their duties and obligations to pay certain assessments, made in the lifetime of the testatrix, upon certain of the real estate devised by the will. The courts below have held that the assessments ought not to be paid by the executors, but by the devisees who took the land under the will. The devisees claim that it should be paid by the executors, and this contention presents the only question involved in the appeal.

Jane C. Van Schaick died May 20, 1893, leaving a will in

which the petitioners were named as executors. By the terms
of the will she devised certain real estate in the city of Albany
to the appellants. The assessments in question had been
imposed upon the property and duly confirmed prior to her
death, under the provisions of the city charter (Laws of 1883,
chapter 298), and have not been paid. The assessments
having been imposed for the purpose of paving and regulat-
ing streets on which the property was situated, it was neces-
sary, under the provisions of the charter (§ 29), that they
should be based upon a petition of a certain portion of the
owners of the property to be charged requesting that the
improvement be made. When confirmed the assessments
became a lien or charge upon the property which could be
collected by proceedings for a sale of the same. But no action
at law could have been maintained for its collection, nor did
it become a debt or personal claim against the owners unless
she had signed the petition which conferred the jurisdiction
to proceed, and it appeared that she was not one of the
petitioners (§ 37). It is the duty of the executors to pay the
debts of the deceased and all taxes assessed upon the property
which remain unpaid at the time of the death (Code, § 2719);
and, unless the assessments in question were a debt or a tax
within the meaning of the statute, the order appealed from is
correct.

The assessments were not a debt, since the testatrix had
incurred no express or implied obligation to pay the same in
her lifetime, and no action could have been maintained against
her by the city, or any other party, for their collection as a
personal claim. The burden could have been enforced only
through the statutory proceedings prescribed by the charter
against the property upon which it was a specific lien.

It is, no doubt, competent for the legislature to enact that
such assessments shall not only be a charge upon the property
and collected out of it, but a personal charge as well, and col-
lected from the person as a debt by action or otherwise; but,
as we have seen, the latter remedy was confined by the pro-
visions of the charter to such property owners as, by signing

the petition, asked the municipal authorities to undertake the improvement.

The argument in support of the appeal is mainly directed to sustain the proposition that the burden resting upon the property at the time of the death of the owner was a tax within the meaning of the statute, and, hence, payable by the executors from the assets in their hands. (*Smith* v. *Cornell*, 111 N. Y. 550.) It is perfectly true that the assessments were imposed upon the real estate by an exercise of the sovereign power of taxation, delegated by the state to the governing body of the city. But that does not necessarily make it a tax within the meaning of the statute. The ordinary meaning of that term is the contribution which the citizen is required to pay for his share of the general expense of government, and it may be imposed upon persons or property or both.

Local assessments for improvements in cities or villages are contributions which property owners are required to pay, not as general burdens for the support of government, but as an equivalent or compensation for the enhanced value which the property has derived from the improvement. The improvement is supposed to have conferred an additional value upon the property in the locality, and, being a special benefit to particular property beyond what is conferred by general taxation, it is deemed to be equitable and just that the property so benefited should contribute to the expense. (*Sharp* v. *Spier*, 4 Hill, 77; *Sharp* v. *Johnson*, Id. 92; *In re Ford*, 6 Lans. 92; *Matter of the Mayor of New York*, 11 Johns. 77; *Roosevelt Hospital* v. *Mayor*, 84 N. Y. 108; Dillon on Munic. Corp. § 761; Cooley on Taxation, 675.)

In the case of taxes imposed for the general purposes of government, there is a personal obligation upon the citizen to pay, which may be enforced by distress and sale of his goods and by other remedies in the courts, while local assessments, imposed under municipal authority, upon particular property benefited by the improvement, as distinguished from a general tax, are not, as we have seen, a general or personal charge, in

the absence of some statute making them such, but are only in the nature of a lien upon the specific property assessed, and the proceedings for their collection are *in rem.* (Cooley on Taxation, 675; Tiedeman on Mun. Corp. § 282; *Wolf* v. *Philadelphia,* 105 Pa. St. 25; *Litchfield* v. *Vernon,* 41 N. Y. 134; *Pierce* v. *Boston,* 3 Met. 520.)

The statute requiring the executor to pay taxes imposed upon the property of the testator, prior to his death, refers to the former and not to the latter class of burdens.

The lien of the assessments in this case bears a very close analogy to that of a mortgage upon land that has descended to the heir or passed to a devisee. In such cases the obligation to pay is cast upon the heir or devisee who takes the land. (1 R. S. 749, § 4; *Cumberland* v. *Codington,* 3 Johns. Ch. 229; 3 Redfield on Wills, 414, § 26; 2 Williams on Ex. 1697; *Halsey* v. *Reed,* 9 Paige, 454; *House* v. *House,* 10 id. 158, 164.)

The devisees in this case, therefore, took the real estate burdened with the obligation to pay the assessments, and hence the order of the court below was right and should be affirmed, with costs.

All concur.

Order affirmed.