(19 Misc. Rep. 221.)

### KRUEGER v. SCHLINGER et al.

(Supreme Court, Special Term, Kings County. January, 1897.)

EXECUTORS AND ADMINISTRATORS—PAYMENTS OF TAXES—REIMBURSEMENT.

An executor who has paid general land taxes on testator's property in Brooklyn, to prevent a tax sale, may be reimbursed out of the proceeds of a partition sale thereof, since such taxes are a charge on the land, and not "debts" of testator, which the executor is required by Code Civ. Proc. § 2719, to pay.

Motion to confirm the report of a referee distributing the proceeds of sale of land in a partition suit by Theresa Krueger against Margaretta Schlinger and others. Denied.

Foley & Wray, for the motion.
F. Solinger, for claimant.

GAYNOR, J. The referee's report shows that the claim of Mr. Scheidt, the executor, is for money which he expended in paying the taxes upon the land sold herein. I think his claim should be paid first. He paid the taxes in order to prevent the land from being sold for nonpayment of taxes, the same as he paid the interest on the mortgage to prevent the expense of its foreclosure. He should be reimbursed the one, the same as the other. As executor, he was not required to pay the taxes levied upon the land of the deceased prior to his death. An executor has only to pay the debts of the decedent. General land taxes in the city of Brooklyn are not debts of the owner. They are not enforceable against him, either by levy of the tax collector upon his chattels, or other-

wise. They are cast upon the land itself. Their payment can be enforced only by the sale of the land. The statute (Code Civ. Proc. § 2719) requires that an executor or administrator "must proceed with diligence to pay the debts of the deceased" in an enumerated order of preference, the second being "taxes assessed on the property of the deceased previous to his death." It is to be noted that this provision relates only to the "debts of the deceased," and taxes upon his property which are such debts are taxes which are leviable against his personal estate. That is the only reason why the executor or administrator is concerned with them at all. The general system of taxation in this state makes the taxes collectible out of the chattels of the owner, and lands are not salable for nonpayment, except in the case of lands of nonresidents. Laws 1855, c. 427; Laws 1893, c. 711. The provision above cited for the payment of taxes by an executor or administrator has reference to that system, taxes under it being debts of the deceased.

The taxes paid by this executor not being a charge upon the personal estate, let them be paid back to him out of the proceeds of the sale of the land.