JAMES BUCKHOUT, Plaintiff, v. THE CITY OF NEW YORK, Defendant.

*Assessment, for taxation, of land in New York city pending a proceeding for its condemnation — right of the city to offset the taxes against the award.*

On the second Monday of January, 1897, after the city of New York had instituted proceedings to acquire certain lands for street purposes, the owner of the land was assessed thereon for local taxes for the year 1897. Under the charter of the city of New York, such taxes then became a fixed personal liability of the owner of the land, although they did not become a lien upon the property until a subsequent date.

Title to the land vested in the city on the 6th day of July, 1897, and the report of the commissioners of estimate and assessment was confirmed December 21, 1897. It did not appear that it was the intention of the commissioners of estimate and assessment in making the award for the land to relieve the owner from the payment of taxes levied thereon.

*Held*, that the city was entitled to offset the taxes in question against the amount awarded for the land.

LAUGHLIN, J., dissented.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Maurice Deiches*, for the plaintiff.

*David Rumsey*, for the defendant.

HATCH, J. :

On the 6th day of November, 1896, the board of street opening and improvement of the city of New York adopted a resolution providing for the acquirement by the city of certain lands belonging to the plaintiff. On December 22, 1896, commissioners of estimate and assessment were appointed by the court. Upon the second Monday of January, 1897, the plaintiff was assessed upon said property $945 as local taxes for the year 1897; and on the twenty-fourth day of August of that year the said taxes were confirmed by the board of aldermen. On the 19th day of February, 1897, the board of street opening and improvement passed a resolution that the title should vest in the city July 6, 1897. The first report of the committee of estimate and assessment was filed in the office of the clerk of the county of New York on the 16th day of December, 1897, and confirmed by order, dated December 21, 1897. In this proceeding the plaintiff was given an award of $127,312.50 for land and improvements. On the 15th day of January, 1898, the whole amount of said award was paid over to the plaintiff, but only upon the condition required by the comptroller of the city of New York that the plaintiff should deposit with the comptroller his certified check for the sum of $1,100, which was accordingly done by the plaintiff, upon the express agreement that it was to be held by the comptroller pending the decision of this controversy, which, if it should be decided for the plaintiff, would compel the return of the check to him.

By section 9 of the Tax Law (Laws of 1896, chap. 908) it is provided that when " real property is owned by a resident of a tax district in which it is situated, it shall be assessed to him." It is undisputed in the present case that the real property taken by the city was assessed to the plaintiff, and the preliminary steps were taken which resulted in an assessment against him on the second Monday in January, 1897. While the tax upon this date had not become a lien upon the prop-

erty, yet the proceeding to levy the assessment had proceeded to a point where there had become a fixed personal liability of the plaintiff to pay the tax. That such is the law has been announced in repeated adjudications. (*Rundell* v. *Lakey*, 40 N. Y. 513; *Matter of Babcock*, 115 id. 450; *Sisters of St. Francis* v. *Mayor*, 51 Hun, 355.)

The sections of the Consolidation Act (Laws of 1882, chap. 410, § 812 *et seq.*) and of the charter (Laws of 1897, chap. 378, § 884 *et seq.*) governing the question of taxation in the city of New York and the authorities construing the same are collected and discussed in a learned opinion by Mr. Justice JENKS, in *Matter of Tilyou* (57 App. Div. 101), in which is reiterated the doctrine above announced, and it makes clear the personal liability of the owner to pay the tax after the same is assessed although before it has become a lien upon the property. The discussion which has been had of this subject in the above cited authorities renders it unnecessary to further pursue it.

The plaintiff relies upon *Matter of Board of Education* (169 N. Y. 456) as recognizing a different rule where the land is appropriated by the city. It is clear, however, that this case does not aid the plaintiff. Therein, it was the intention of the commissioners to award the sum which they did over and above the amount of the tax which had been assessed thereon. The express provision of the award was of a given amount " subject to the lien of all unpaid taxes, assessments and water rates." And it was held that inasmuch as the taxes assessed thereon had not become a lien upon the property, they could not be deducted from the award. The question presented therein was not as to the liability of the plaintiff to pay the taxes, but the construction of the award, and inasmuch as it appeared that the amount of the award should be exclusive of all taxes levied thereon, it was held that the amount of the taxes was considered and allowed as a part of the award, which was made to the owner of the land. There is nothing which appears in this report which showed any intention upon the part of the commissioners to relieve the plaintiff from the payment of his debt, created by the assessment, to the city. The amount of the taxes was due to it, and was a personal liability of the plaintiff. In acquiring title to the land, the city represents the municipality and the object of the

taking was for municipal purposes. There could be under such circumstances no implied agreement between the plaintiff and the city to relieve him from personal liability by reason of having become invested with title to the land. It is to be presumed that the commissioners awarded him the full value of the property, and in making such award considered his indebtedness to the city in connection therewith. The city enforces the obligation of the plaintiff as a personal indebtedness, which arose quite independent of its acquiring title to the land. It is, therefore, authorized to offset the same against the amount payable to the plaintiff. The existing condition may have furnished to the plaintiff a basis upon which to apply for a remission of the taxes, and the Consolidation Act (§ 820) afforded him opportunity so to do, but failing in this, he became personally liable to pay the same as a debt to the city, and the latter became authorized to retain it out of the award.

It follows that judgment should be awarded in favor of the defendant upon the submission, with costs.

VAN BRUNT, P. J., PATTERSON and McLAUGHLIN, JJ., concurred; LAUGHLIN, J., dissented.

LAUGHLIN, J. (dissenting):

The title vested in the city prior to the time the tax became a lien upon the property and the award is presumed to have been made as of the time when the title vested. It is true that the personal liability of the former owner had become fixed, but the land was primarily liable for the tax. I see no distinction between this case and the ordinary case of grantor and grantee in which the rule is that the grantor, as between him and his grantee, is not liable for taxes levied subsequent to the conveyance.

Judgment ordered for defendant, with costs.