(42 Misc. Rep. 334.)

### LAUBY v. GILL.

(Supreme Court, Special Term, Kings County. January, 1904.)

1. DESCENT AND DISTRIBUTION—DEBTS OF DECEDENT—LIABILITY OF HEIRS.

A judgment creditor sued the sole devisee of a testator to recover the debt out of the lands devised to the extent of their value over the incumbrances upon them at the time of the testator's death. The sole devisee, who was testator's widow, had conveyed them before action brought. *Held*, that she was entitled to a deduction from the estimated value of the lands for the mortgages existing on them at his death, and also for the taxes which were at that time a lien thereon.

2. SAME—RIGHTS OF WIDOW.

Where a devise to a testator's widow of lands is not in lieu of dower, the widow is entitled, as against a judgment creditor of the testator, to have the dower ascertained and deducted.

3. SAME—PROOF OF CLAIM.

In an action by a judgment creditor of the testator against his sole devisee, plaintiff must prove his claim by the judgment roll, and a mere transcript is insufficient.

4. RES JUDICATA.

A judgment against the sole devisee, as executor of the judgment debtor, is not binding upon her in an action brought against her as an individual to subject the lands devised to the judgment.

Action by Eleanor Lauby, executor of Maria Allen, against Hannah Gill. Judgment for defendant.

W. E. Warland, for plaintiff.
Peter P. Pope, for defendant.

GAYNOR, J. The defendant's testator, who was her husband, devised all of his real estate to her in fee. She aliened the same before the commencement of this action. I find the value of the devised lands, over and above the mortgages and taxes thereon, to have been the sum of $37,482.03 at the time of the testator's death. The total of his debts is $45,208.02. I have deducted the taxes for the reason that they were a lien on the land, and enforceable against the land only, as is the case with all land taxes in the city of New York. Section 2719 of the Code of Civil Procedure prescribes the order in which the debts of decedents must be paid, making "taxes assessed on the property of the deceased previous to his death" payable second. This section in terms applies only to debts of decedents, and therefore only refers to taxes which are such debts, and collectible by distraint of the debtor's chattels by

the tax collector, or by other proceedings against him, and which are therefore valid claims against the executor or administrator. Under the general tax laws of the state, taxes are not levied on the land, but only assessed against the owner personally, except in the case of nonresident lands; and the said Code provision embraces only the former, they being personal debts. Taxes levied on the land and not assessed against the owner are in the same category, on the question being decided, as local assessments on the land, which was the case presented in Matter of Hun, 144 N. Y. 472, 39 N. E. 376. The defendant, having aliened the land devised to her, is liable to the creditors of her testator to the extent of the value of such land over the liens thereon at the time of the testator's death, and they may take judgments against her instead of against the land to that amount, each creditor being entitled to a judgment for his proportionate share, such value being less than the aggregate of debts. Code Civ. Proc. § 1854 et seq. But the defendant's dower interest must be ascertained and deducted from the value of the land in ascertaining the value for which she is liable. The devise to her of all of the real estate in fee was not in terms in lieu of dower, and did not put her to her election. It is not repugnant to her right of dower. Lewis v. Smith, 9 N. Y. 502, 61 Am. Dec. 706. The plaintiff does not seem to have proved her claim. She put in evidence a transcript of the docket of a judgment therefor by her against the defendant as executor of her testator. But the transcript does not even prove the judgment; the judgment roll is necessary; and the judgment against the defendant as executor does not bind her in this action against her individually. Collins v. Hydorn, 135 N. Y. 320, 32 N. E. 69. Unless the claim is agreed to it must be proved, and I will open the case for that purpose.

Judgment will then be rendered accordingly.