Matter of the Application of JAMES F. DINN and Others, Petitioners, for a Mandamus Order against THE BOARD OF EDUCATION OF THE UNION FREE SCHOOL DISTRICT No. 4, TOWN OF NORTH HEMPSTEAD, NASSAU COUNTY, NEW YORK, Defendants.

Supreme Court, Nassau Special Term, October, 1923.

Taxation — school district not entitled to exemption under Education Law, section 153, from an assessment against property benefited by public improvement — mandamus.

Under section 153 of the Education Law a school district is not entitled to an exemption from the payment of an assessment levied against its property for the construction of a sewer which serves school property within the sewer district and an order of mandamus to compel payment of the assessment will be granted.

MOTION for order of mandamus.

*Dowsey, Parsons & Schiel,* for petitioners.

*Allen P. Baxter,* for defendant.

VAN SICLEN, J.   The plaintiff seeks to compel the defendant school district to pay an assessment levied against its property for the construction of a sewer.   The school district contains more territory than that covered by the sewer district.   The school property is served by the sewer and in that respect its property is benefited to the extent of the assessment levied.   The school district contends that it is exempt from taxation of every kind, including assessments for local improvements, by virtue of the following provision of section 153 of the Education Law: " The grounds, buildings, furniture, books, apparatus and all other property of a school district shall not be subject to taxation for any purpose."   No property is exempt from taxation unless expressly made so by statute.   *Roosevelt Hospital* v. *Mayor*, 84 N. Y. 108.   In that case the act creating the plaintiff provided that " the property, real or personal, of said corporation shall be exempt from taxation  *  *  *."   The court held that it was nevertheless subject to assessment for a local sewer, saying: " It cannot be supposed that it was intended to exempt it from assessments made for the expense of improvements specially beneficial to its property, and to impose the whole of such expense upon other property or upon the public generally.   If such had been the intention, the legislature would have used more comprehensive terms  *  *  *."   So in *Hassan* v. *City of Rochester*, 67 N. Y. 528, it was held that state lands were not exempt from assessments for local improvements.   It has been held generally that an assessment is not a tax.   *Matter of Hun*, 144 N. Y. 472.   All colleges, churches, courthouses, jails, schoolhouses and even lands of the state, are liable to be assessed for local improvements and may be so assessed unless expressly exempted therefrom.

Local assessments for improvements in cities or villages are contributions which property owners are required to pay, not as general burdens for the support of the government, but as an equivalent or compensation for the enhanced value which the property has acquired from the improvement.   *Matter of Hun, supra.* So in the case at bar the property of the school district whose confines are not coterminous with those of the sewer district has been benefited by having sewer service and all the inhabitants of the school district are benefited through the benefit derived by the school.   The assessment levied against the school district for the benefit derived by its property will be collected in the form of school taxes from all the persons liable therefor and in this way every one benefited will pay his share either directly or indirectly.   Otherwise the effect would be to cause the taxpayers in the sewer district to furnish the school with sewer facilities at no expense to

those taxpayers who were in the school district but not within the sewer district. This result would be unfair and unjust and would confer a benefit on some without the ability to collect their proportionate share of the expense.

The application for a mandamus order is granted, without costs.

Ordered accordingly. _____