GERTRUDE BATY, Respondent, *v.* THE CITY OF BINGHAMTON, Appellant.

GEORGE F. BATY, Respondent, *v.* THE CITY OF BINGHAMTON, Appellant.*

Third Department, December 30, 1931.

*Edwin H. Moody, Corporation Counsel* [*Herbert H. Ray* of counsel], for the appellant.

*Hinman, Howard & Kattell* [*C. Addison Keeler* of counsel], for the respondents.

HILL, J. The plaintiffs in the two actions which have been tried as one are husband and wife. A judgment against the city of Binghamton on account of the alleged negligence of an employee in cleaning the office of the city treasurer has been obtained by the husband for medical expenses and loss of services, and one by the wife for personal injuries. She went to the office to pay an installment of general taxes, and fell as she stepped upon a portion of the floor which had been mopped, the water containing a substance

which the jury might have found was soap. The city cites *Curtiss* v. *Lehigh Valley Railroad Co.* (194 App. Div. 931; revd., 233 N. Y. 554) and *Kipp* v. *Woolworth & Co.* (150 App. Div. 283) as authorities requiring a decision that there was no negligence as a matter of law. The facts in this case are distinguishable from those in the cited cases. The similarity extends no further than falling upon a slippery floor. In the case at bar the floor was dry when the plaintiff entered the room. Ordinarily the cleaner did not begin work until the office was closed to the public at four o'clock in the afternoon. On the day when plaintiff was injured, he began shortly before that hour, and while the public still were permitted and invited to enter. He came into the room immediately after the plaintiff had entered. The portion of the floor which he mopped was at her back, as she stood at the window paying her taxes. Nothing occurred to call her attention to the changed condition between the time she entered and when she started to leave. After completing the business in which she was engaged with the city treasurer, she turned and fell when she stepped on the floor which had been made slippery through the cleansing process. So far as negligence is concerned, the court was justified in submitting the question, and the jury in finding that the employee was negligent, and that the plaintiff was free from any negligence that contributed to the injury.

A further defense is presented that even if the employee was negligent, he was then engaged in a governmental and public act, as distinguished from a municipal and private one. (*Maxmilian* v. *Mayor*, 62 N. Y. 160; *Lefrois* v. *County of Monroe*, 162 id. 563; *Wilcox* v. *City of Rochester*, 190 id. 137; *Augustine* v. *Town of Brant*, 249 id. 198.) The city treasurer is the collector of city, county and State taxes. He has an office in the City Hall, a building entirely occupied by various city departments. The collection of taxes is an act of the sovereign power, and can be authorized in this State only by legislative enactment. (*Queens County Water Co.* v. *Monroe*, 83 App. Div. 105; *Matter of Hun*, 144 N. Y. 472; *Stebbins* v. *Kay*, 123 id. 31.) The collector of taxes acts as a public official and not as an agent of the municipality wherein his duties are performed. (*Lorillard* v. *Town of Monroe*, 11 N. Y. 392.) It is true that the floor was mopped by a City Hall janitor who worked under the direction of the department of public works, but the maintenance and cleanliness of this office provided by the city is incidental to the collection of taxes, as the repairs of a station house are incidental to the maintenance of a police force. (*Wilcox* v. *City of Rochester*, *supra*, 144.) The doctrine of *respondeat*

*superior* does not apply. The city is not liable for the negligent act of the janitor.

The judgments should be reversed upon the law, with costs, and the complaints dismissed, with costs.

All concur.

Judgments and orders reversed on the law, with costs in one case, and complaints dismissed, with costs in one case.