### ARNAUD'S HEIRS *vs.* HIS EXECUTOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

> The state is entitled to the tax on foreign legacies which became due before the repeal of the act establishing it, notwithstanding that repeal.

Opposition was made by the heirs to the homologation of the executor's account, because he had retained in his hands a sum sufficient to reimburse the corporation for the expense of paving, &c. in front of certain lots which formed part of the testator's estate, and were sold by his executor, and because he had retained another sum to cover the tax of ten per cent. which was imposed on successions accruing to foreigners, The law creating this tax was repealed in eighteen hundred and thirty, but the succession was opened while it was in force. The court *a quo* overruled the opposition, and the plaintiffs appealed.

*Moreau* for appellants.  *Denis* for appellees.

*Martin, J.* delivered the opinion of the court.

The heirs are appellants from a judgment by which the executor was authorised to retain a sum of eight hundred and fifty-six dollars and ninety-one cents, as due to the city for the proportion of a capital charged on some lots of the estate, which were sold by the executor for reimbursing the expenses incurred by the city in paving the street and making the banquettes before said lots, and a sum of eleven hundred and eighty-one dollars and seventy-seven cents for the tax of ten per cent. due to the state, on the estate bequeathed to them, they being aliens, and not domiciliated in the state.

1. On the twenty-seventh of September, 1827, the City Council imposed an annual tax for twenty years on all the owners of lots, for the exclusive purpose of paving the streets and making banquettes, or reimbursing the costs of such works already done, leaving to the owners, however, the

faculty of exempting their property from the tax by an antici-
pated payment in reimbursement of said costs. *City Laws*, 278.

As the testator did not avail himself of this faculty, and the
lots are sold, it is clear his estate is not chargeable with the taxes accruing after the alienation of the lots by his executor. In the case of Oakey vs. the Mayor and others, 1 *Miller*, 15, we held that this tax being one laid on all the owners of property of a particular description, was a tax *on property ;* and as the alienation of taxable property discharges the owner from all taxes on it thereafter accruing or becoming due, the testator's estate was absolved from the tax on the lots, not due and payable at the time of the sale ; and the Court of Probates, in our opinion, erred, in overruling the appellant's opposition to this charge in the appellee's account.

2. The second item was properly admitted. The tax of ten per cent. laid by the act of 1828, was indeed repealed in 1830, but in the mean time the testator had died, the appellant had acquired a right to three legacies, and the state another on the existing tax. Whatever may be the effect of the repeal of a law in criminal matters, it leaves all civil rights acquired under the law unaffected. This tax cannot be assimilated to a *forfeiture* which pre-supposes an offence. If it be a diminution of the right of aliens to transmit their property by will or descent, that right established by law is susceptible of being curtailed by posterior laws. There was not any unconstitutionality in the tax.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed, as far as it concerns the appellants, and proceeding to give such a judgment as, in our opinion should have been given below, we have struck the first item, eight hundred and fifty-six dollars and ninety-one cents, and deducted therefrom eighty-five dollars and sixty-nine cents, as the consequent increase of the state tax ; we have added the balance, seven hundred and seventy-one dollars and ninety-two cents to the executor's debit; added the four-fifths, six hundred and sixteen dollars and ninety eight cents, to the sum allowed to the appellants by the judgment, four thousand two hundred and eight

dollars and ninety-one cents, which leaves the sum of four thousand eight hundred and twenty-five dollars and eighty-nine cents due them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, as far as it concerns the appellants, be amended, and that the executor pay them the sum of four thousand eight hundred and twenty-five dollars and eighty-nine cents, and that all costs in both courts be paid by the estate.