### GOURJON, f. m. c., *vs.* HOLMES ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In the sale of property subject to an annual tax, the purchaser takes it subject to all the tax *accruing* after the sale ; the vendor being liable for all due up to the time of sale,

This case arises on an opposition and injunction obtained by the defendants, against an order of seizure and sale sued out by the plaintiff for the balance due on certain lots, and on which a mortgage was retained to secure payment of the price. The defence is that there was a large sum due on the lots for paving streets and side walks, which they had to pay but for which the plaintiff was bound.

There was judgment sustaining the opposition, perpetuating

the injunction for $27 55; but dissolving it and directing the seizure to go on for the balance of the debt due. The defendants appealed.

EASTERN DIS.
July, 1841.

GOURJON, f.m.c.
vs.
HOLMES ET AL.

*J. Seghers*, for the plaintiff and appellee.,

*L. Peirce*, contra.

*Simon, J.* delivered the opinion of the court.

An order of seizure and sale of a certain lot of ground described in the plaintiff's petition, having been granted and issued for the purpose of satisfying a sum of three thousand dollars, balance due on the price of the sale of the said property; the defendants made opposition to the execution of the writ, on the ground that said plaintiff was indebted to them in the sum of four hundred and eight dollars and eighty-eight cents, being the amount of a bill for paving and making a side walk by the corporation before the sale took place, and paid by them since the purchase.

A short time after the filing of the opposition, the plaintiff took a rule on the defendants to show cause why the injunction obtained should not be dissolved, on the grounds that the costs of paving streets and making *banquettes* are to be paid by the proceeds of an annual tax for twenty years, imposed for that purpose by the city council; and that therefore the plaintiff is not chargeable with the taxes accruing after the alienation of the lot.

The judge *a quo* rendered judgment maintaining the injunction for twenty-seven dollars and fifty-five cents, and dissolving it for the balance of the amount claimed, from which judgment the defendants appealed.

It does not appear to us that any error has been committed. By an ordinance of the city council, dated 27th of September, 1827, an annual tax for twenty years is to be imposed on all the owners of lots, for the purpose of paving the streets

Eastern Dis. and making banquettes, or reimbursing the costs of such works
July, 1841. already done and completed; with the faculty, however, al-
Gourjon, f.m.c. lowed to the owners, of exempting their property from taxation
vs.
Holmes et al. by an anticipated payment or reimbursement of said expenses;
*City laws and regulations*, 278.

In this case the defendants thought proper to exercise the
In the sale of faculty, and to pay the taxes in anticipation; but as the pro-
property subject perty was not chargeable at the time of the sale, with the taxes
to an annual tax,
the purchaser which might accrue thereon afterwards, it is clear that the ven-
takes it subject
to all the tax dor could not be made responsible for any other tax on the lot,
*accruing* after
the sale; the but such as had accrued previous to the alienation. In the ·
vendor being case of Arnaud's heirs vs. his executor, which presented a
liable for all
due up to the similar question, this court held·that " the alienation of taxable
time of sale.
property discharges the owner from all taxes on it thereafter
accruing or becoming due;" 3 *La. Rep.*, 336; 1 *Idem*, 15.
We have no reason to be dissatisfied with this part of our,
jurisprudence, and as at the time of the sale to the defendants,
the plaintiff owed one year and three months of the tax,
the amount whereof has been allowed by the lower court, we
are unable to say that the judgment appealed from should in
any manner be disturbed.

It is therefore ordered, adjudged and decreed that the judg-
ment of the District Court be affirmed with costs.