SUCCESSION OF PIERRE FRANÇOIS OYON.—LOUIS JEAN BAPTISTE AUGUSTIN BLONDELEE, and others, appellants.

A law should never be considered as applicable to cases which arose previous to its enactment, unless the Legislature have, in express terms, declared such to be their intention.

The 4th section of the act of 26 March, 1842, imposing a tax of ten per cent on all sums, or on the value of all property, received by any non-resident alien, as heir, donee, or legatee, from any succession opened in this State, or on so much thereof as is situated in this State, applies only to successions opened, by the death of the ancestor, subsequently to the passage of the act.

APPEAL from the Court of Probates of Lafourche Interior, *McAllister*, J.

MORPHY, J. The petitioners, aliens and residents of the kingdom of France, have appealed from a decree of the inferior court, homologating an account rendered by the defendant, as administrator of the succession of the late Pierre François Oyon, who died in the parish of Lafourche Interior, on or about the 20th December, 1835. They contend, that as heirs at law of the deceased, they have been wrongfully and unjustly charged in said account with the tax of ten per cent imposed by the law of the 26th of March, 1842, on property inherited by non-resident aliens; that this law should not be made to apply to successions opened before its promulgation; and that their rights as heirs having vested in 1835, they are not liable to the payment of this tax. We think that the Judge erred in subjecting the appellants to the payment of the tax. It is a sound rule of construction, never to consider laws as applying to cases which arose previous to their passage, unless the Legislature have, in express terms, declared such to be their intention. They might, indeed, have imposed a tax on all sums to be paid over to aliens not residing in the State, without reference to the opening of the successions from which they may be entitled to receive such sums; but unless that intention is clearly and unequivocally expressed, we are bound to suppose that, according to the ordinary rules of legislation, they intended to provide for the future, and not to affect in any way rights previously acquired. The language of the law is "that each and

every person not being domiciliated in this State, and not being a citizen of any State or Territory in the Union, who shall be entitled, whether as heir, legatee, or donee, to the whole, or any part of the succession of a person deceased, whether such person shall have died in this State or elsewhere, shall pay a tax of ten per cent on all sums, or on the value of all property which he may actually receive from said succession, or so much thereof as is situated in this State," &c. We understand this law as referring only to aliens who may become entitled to the whole, or any part of a succession, after its promulgation. When did the petitioners become entitled to the sums they claim ? Surely not in 1843, when they came forward to receive them ; but in 1835, when the succession was opened by the death of their ancestor. A law imposing a similar tax was passed by the General Assembly in 1828, but was repealed in 1830. The heirs of one Arnaud, who presented themselves after the passage of the repealing act to receive their inheritance, contended that, as the law imposing the tax had been repealed, they were no longer liable to pay it ; but this court held, that the right of the State to the tax having accrued by the opening of the estate of Arnaud under the law of 1828, was not affected by its repeal. 3 La. 336. See also, same volume, p. 561. Laws of 1828, p. 178. We would surely not decide otherwise under the law of 1842, if, after its repeal, aliens should come forward to claim a succession opened while it was in force. If so, we must hold that the tax is due only by such aliens as have become entitled to successions opened in this State after the promulgation of the law.

It is, therefore, ordered, that the judgment of the Court of Probates of the parish of Lafourche Interior, be so amended, as to reject from the defendant's account the item charging the appellants with ten per cent on the amount accruing to them from the succession of the late Pierre François Oyon ; and that it be affirmed in all other respects. The appellee to pay the costs of this appeal out of the funds of the estate.

*B. Winchester*, for the appellants.

*J. C. Beatty*, District Attorney, for the State.