BREAUX, J.
The facts in this case are substantially different from those in the other market house cases.
The plaintiffs in a contract had bound themselves to convey the market house property to the city immediately after they would have completed the market house building and other improvements.
This was not done at the time specified. The conveyance did not take place until July, 1901. The market house building had been completed many years when this conveyance was made.
The assessment of the property was made in 1901. It was completed within the time required. It was considered and examined by the “committee on assessments” of the city council, and in May a complete list of assessments was furnished to the comptroller of the city of New Orleans, and on the 1st of June the roll was furnished to the. recorder of mortgages.
Erom the date it was filed it was to be as a lien upon each specific piece of real estate thereon assessed.
The property had been previously assessed in the name of plaintiffs.
This court held:
.“The levying of taxes is for calender years, and the assessment of property for the purpose of levying the annual taxes is likewise for the calendar year. The court maintained the assessment made in the'"name of the one who was the owner on the 1st of January. Southern Insurance Company v. Board of Assessors, 49 La. Ann. 405, 21 South. 913; Home Insurance Company v. Board of Assessors, 48 La. Ann. 451, 19 South. 280; Palfrey v. Connelly, 106 La. 699, 31 South. 148.”
We agree with the statement of the facts and the views expressed by our learned Brother of the district court in his carefully prepared opinion, viz.:
“The fact that the city became the owner of the property June 25, 1901, cannot affect the assessment validly made in January, for the state especially, and, if for the state, then for the city also. Const. art. 225.
'“Plaintiffs’ contention that the city was the owner since July 31, 1890, is without merit. On that day Joseph A. Walker contracted with the city to build a market house *838 within a certain given area in the Sixth District, and that ‘the land and construction shall become municipal property at the signing here, and ownership to become absolute at the expiration of the term herein fixed, to wit, thirty years from the date hereof.’
(June 26, 1903.)
(June 27, 1903.)
“The contract continues as follows: ‘Said Joseph A. Walker, contractor, further binds and obligates himself to cause the above-described portion of ground, together with the market house and other improvements which may be constructed thereon, to be transferred to the city of New Orleans by proper title at the expiration of Or before the term herein fixed.’
“At that time, and at no time since, was Joseph A. Walker the owner of the real estate in question. George Hauer was the owner of the property at that time, and he acquired title thereto December 16, 1889. The contract made -with the city by Walker was simply an agreement to sell an unknown piece of property by the latter to the former, the ownership to become absolute at the expiration of the term herein fixed — thirty years from the date hereof.
“George Hauer was not obliged to sell the property to the city, and he did not do so. August 15, 1890, he sold to the Prytania Street Market Company. He might have sold to any one else, or he might have incumbered it with mortgages. It is the same with the Prytania Street Market Company. It might have validly sold or mortgaged its property, and the same might have been transferred, as was the Second Street Market House, and ground upon which it was erected. Ball v. City, 52 La. Ann. 1550 [28 South. 109]. The city had no title, registered or otherwise, to the Prytania Street Market House until June 25, 1901. The Prytania Street Market Company, Limited, was the owner up to that date, with its title registered in the conveyance office, and the assessment thereof for the year of 1901 is valid.”
The ownership not having, passed to the city prior to the date stated, there was no ground upon which to base an exemption from taxation.
It was only when the title became vested in the city that the question of exemption could arise.
For reason of the law and the evidence being in favor of defendant against plaintiff, the judgment is affirmed.