June 18th, 1906.

————o————

No. 4012.

(Court of Appeal, Parish of Orleans.)

## WM. T. KING vs. N. O. TERMINAL CO.

1. In the sale of property subject to an annual tax, the purchaser takes it subject to all the taxes accruing after the sale, the vendor being liable for all taxes due up to the time of the sale.
2. The rule of law based on the codal provision that the adjudication completes the sale, applicable in both voluntary and forced public sales 'is equally applicable in cases of compulsory transfer of property.

Appeal from Civil District Court, Division "E."

490

F. Rivers Richardson, for Plaintiff and Appellee.

Miller, Dufour & Dufour, for Defendant and Appellant.

DUFOUR, J. In this cause it is agreed between counsel for plaintiff and for defendant that the following facts are admitted to be shown by the pleadings referred to in the plaintiff's petition and on which statement of facts this cause shall be decided.

Suit was filed by the defendant against the plaintiff to expropriate certain property owned by him before the Civil District Court on September 16th, 1903, and the cause was transferred to the U. S. Circuit Court and the transcript filed before that Court on September 2, 1903. A verdict of expropriation of the property claimed was rendered adjudicating the property to the N. O. Terminal Co. upon the payment of the award, on March 14th, 1904, and the judgment thereon was rendered and signed on May 18th, 1904.

The amount of the verdict and such costs as were admitted to be due were paid into the registry of the Court on May 31st, 1904, and a rule to tax costs filed May 31st, 1904, was made returnable on June 4th, 1904, and was finally passed upon on May 24th 1905.

On April 20th, 1905, an agreement was entered into between counsel for both parties that the taxes of 1904, State and City, should be paid out of the funds in the registry of the Court, without prejudice to the rights of either party and giving to each party the right to reclaim the amount from the party who shall be eventually declared to owe the taxes, which were paid under this agreement on or about said date.

The tax rolls for 1904 were filed in the mortgage office on June 1st, 1904.

The judgment of expropriation is as follows:

"It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, the N. O. Terminal Co. and against the defendant, William T. King, expropriating and adjudging unto the said N. O. Terminal Co. for its uses and purposes the land set forth in the petition and in the plan annexed thereto xxx upon the payment to the defendant or into the registry of the Court of the sum of $4500.00," and the judgment also condemned the plaintiff, the N. O. Terminal Co. to pay all costs.

491

Under the reservation above referred to, King brought this suit to obtain re-imbursement of the taxes of 1903 paid by him and of 1904, paid by agreement out of the fund in registry; there was judgment in his favor for the tax of 1904 from which the present defendant appeals, and plaintiff answers the appeal with a renewed demand for the tax of 1903 denied him below.

The plaintiff's contention is, that, when the judgment of expropriation was obtained, the taxes assessed against the property were not due and exigible and were not a charge on the property, hence, not he, but the purchasers is liable for the same.

Under the revenue act of 1898, although the assessment is made some time before, the lien on the property for the tax does not arise until the registry of the tax roll in the mortgage office and the tax does not become due until such registry on June 1st.

The jurisprudence is that "in the sale of property subject to an annual tax, the purchaser takes it subject to all the taxes *accruing* after the sale, the vendor being liable for all due up to the time of the sale."

3 La. 336.   19 La. 232.

In Gachet vs. City, 52 An. 813 certain property upon which State taxes had been assessed passed into the ownership of the City, and was then seized by the State Collector.

The Court said:

"No State taxes therefore on the lot for the year 1885 had yet matured and become demandable when the City purchased. Before the State taxes for 1885 became due and demandable, the property had passed out of the hands of private ownership into the hands of public ownership," and the Court denied to allow the enforcement of the State tax.

It follows from this that the liability for a tax is fixed upon the owner at the time such tax becomes due and not the owner at the time the tax was assessed.

We find nothing adverse to this view in the Prytania Market case, 110 La. 835.

The defendant's contention is that "in the instant case the amount awarded under the judgment and certain costs were deposited in the registry of the Court on the 31st of May, and the remainder of the costs was taxed; several months thereafter and

paid. From which it follows inevitably that the title to the property did not vest in the expropriator until it had complied fully with the judgment of the Court by paying the amount awarded and the costs in full."

Iu support of this view Art. 2629 R. C. C. is cited.

"This price ought to be paid to the owners before the expropriation that is before he has delivered the possession, or it has been finally taken from him in case of his resistance."

We see no good reason why the rule of law based on the codal provision that the adjudication completes the sale, applicable in both voluntary and forced public sales, should not be equally applicable in cases of compulsory transfer of property.

The judgment is the adjudication and works the transfer; its execution is supended until the payment of the price which must preceed delivery of possession, and when the same has been paid all matters relates back to the rendition of the judgment.

Art. 2634 R. C., fortifies this view by providing that an appeal shall not suspend the execution of the judgment, but that the deposit in the registry of the Court of the amount of the verdict shall entitle the expropriator to the estate of the owner in the same manner as a voluntary conveyance would do.

It is difficult to conceive that dispute about a portion of the costs, delayed in its trial by the accidents of a docket; should weigh sufficiently to alter the trend of the general law.

The rejection of the tax for 1903, due before the judgment, and the allowance of the tax for 1904 which became due after the judgment, are correct.

Judgment affirmed.