El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.

---

HERNAIZ, TARGA & CO., DEMANDANTE Y APELANTE, *v.* BENEDICTO, TESORERO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Primero en procedimiento de *mandamus.*

No. 2925.—Resuelto en enero 21, 1924.

CONTRIBUCIONES—*Mandamus* — BIENES MUEBLES — TASACIÓN — PAGO BAJO PROTESTA—DISCRECIÓN DEL TESORERO.—Se trata de un *mandamus* para obligar al Tesorero a retasar bienes muebles. *Se resolvió:* que una tasación de un año anterior puede ser usada como base para la contribución de un año subsiguiente, ya sobre bienes inmuebles o muebles, y después que la lista de tasación está llena el contribuyente puede primero recurrir a las medidas administrativas a su alcance, si las hay, y luego pagar la contribución bajo protesta. Aunque el Tesorero tiene discreción para revisar la tasación, su negativa a ejercitar esa discreción no constituye una omisión de ejecutar un acto ministerial que pueda ser revisada por medio de *mandamus.*

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. Ortiz Alibrán.*

Abogados del apelado: *Sres. Attorney General* y *Carlos Llauger.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La peticionaria, después apelante, es una sociedad mercantil que trató de obligar al Tesorero de Puerto Rico mediante auto de *mandamus* a verificar la retasación de los bienes muebles en el negocio de la referida sociedad. La alegación principal de la apelante es, a nuestro modo de ver, que no existe ninguna tasación válida de los referidos bienes muebles, toda vez que no se hizo ninguna valoración de dicha propiedad dentro del término fijado por la ley; que no había ninguna valoración desde el último pago de contribuciones sobre la expresada propiedad; que las anteriores tasaciones no pueden servir cuando el objeto de la

valoración e imposición de contribuciones es la propiedad mueble. Subsidiariamente, la apelante sostiene, según también entendemos, que tiene derecho a pedir que se haga una revaloración después de haber sido fijada la tasación para cualquier año; que al Tesorero debe obligársele a verificar una retasación cuando se alega una falta de poder que trae por consecuencia un verdadero perjuicio.

Con respecto a la primera alegación, el apelado sostiene en efecto que cualquier derecho que pueda tenerse a solicitar una tasación o retasación vence el día 15 de enero de cada año cuando se preparan las listas de contribuciones, y por tanto, que como la solicitud para una revaloración no fué presentada hasta el mes de abril de 1923, el término de la peticionaria había vencido.

El apelado acepta que el Tesorero puede ejercitar su discreción para revisar sus listas después de enero 15, pero insiste en que no puede obligársele a tomar esta medida. El apelado también insiste en los remedios que conceden los estatutos de Puerto Rico.

En la vista tuvimos muy presente la justicia de la solicitud de la peticionaria para una revisión, pero de una lectura cuidadosa de los estatutos de Puerto Rico estamos convencidos de que una tasación de un año anterior puede ser tomada como base para la tasación de un año subsiguiente lo mismo tratándose de bienes inmuebles que de muebles. No se ha atacado la constitucionalidad de estos estatutos. Aun cuando se hubiera hecho tal impugnación y tuviéramos dudas sobre la constitucionalidad de las disposiciones en cuestión, todavía estaríamos obligados a sostener que después de preparada la lista de tasaciones la peticionaria puede primero acudir a medidas administrativas que estén a su alcance si algún derecho tiene a ellas y entonces pagar bajo protesta. En el caso de *Ríos* v. *Richardson*, 24 D. P. R. 547, donde si bien hubo disentimiento, la corte en conjunto estuvo conforme en que debió haber habido un pago bajo

protesta.   El de *Alonso Riera & Cía* v. *Benedicto, Tesorero,* (pág. 107), se pronuncia en el mismo sentido.   Haremos referencia a estas decisiones de nuevo en el caso de *Freiría & Co.* v. *El Tesorero de Puerto Rico, post,* que hemos considerado conjuntamente con este caso.   Los artículos del Código Político que deben ser tomados en consideración son los siguientes:

"Artículo 294.—La parte de propiedad de cualquier fabricante, comerciante o negociante que consista en existencias de mercancías u otros efectos para la venta, será inscrita aparte y tasada por el promedio de su valor en el mercado durante el año próximo anterior a la fecha de la valuación; y el tasador, al tasar las citadas existencias podrá exigir a dichos fabricantes, comerciantes o negociantes la exhibición del último inventario de ellas; y si a juicio del tasador ese inventario no fuese correcto, o si hubiese transcurrido tanto tiempo desde que se hizo que haya dejado de ser fidedigno, y si dicho comerciante o negociante dejare de presentar un nuevo inventario dentro del término de diez días, o si el tasador no considerare fidedigno este último inventario, entonces el tasador valuará dichas existencias examinándolas personalmente.

"Art. 295.—Que la tasación de la propiedad, tal como aparece en la lista de contribuciones últimamente preparada, constituirá la lista de tasación para el siguiente año económico, después de haber sido corregida, enmendada y revisada, según se dispone en la presente.   Que tan pronto como fuere posible, después del quince de enero de cada año, será deber del tasador de cada distrito de tasación, llenar una planilla que manifieste detalladamente y por separado, cada propiedad inmueble y las mejoras hechas en la misma, y tan detalladamente como fuere posible, todos los bienes muebles sujetos a contribución en un mismo municipio, pertenecientes en quince de enero a cada persona cuyos bienes imponibles no hubieren sido anteriormente tasados, o que a juicio del tasador, debieran tasarse o valorarse de nuevo, para imponerles la contribución correspondiente, o cuya revaloración se hubiere pedido por el dueño de la propiedad, por las autoridades municipales del distrito en que estuviere radicada, o por cualquier ciudadano de Puerto Rico.   En los casos en que una misma persona poseyere bienes imponibles en más de un municipio, se extenderán planillas por separado para cada municipio.   El tasador podrá entregar a

cualquier dueño de bienes imponibles en su distrito de tasación, o
a cualquier miembro adulto de su familia o establecimiento comer-
cial, la planilla o planillas en blanco de que se trata, acompaña-
das de los interrogatorios que estimare necesarios para la averi-
guación de bienes imponibles y de valor de éstos y requerir a di-
cha persona para que le otorgue el correspondiente recibo de di-
cha planilla, la llene en debida forma y la devuelva dentro de
un plazo que no excederá de diez días; y será deber de la per-
sona sujeta a contribución, consignar en la referida planilla, o pla-
nillas, una completa relación y exacta valuación de todos los bie-
nes inmuebles y muebles imponibles que poseyere por derecho pro-
pio o que se hallaren en su poder, devolviendo las susodichas pla-
nillas al referido tasador, dentro del plazo señalado. Toda socie-
dad, síndico, o depositario, administrador, tutor o guardián, agente
y toda persona que tuviere algún título legal o equitativo, que
poseyere por derecho propio, o que tuviere o reclamare como suyo
por cualquier otra circunstancia, cualquiera propiedad que debiera
consignarse en dicho modelo o planilla, se considerará sujeto a lo
que este título determina, y estará obligado a llenar y devolver
la citada planilla en la forma aquí dispuesta. Siempre que dos
o más personas tuvieren, poseyeren u ocuparen alguna propiedad
como administradores, albaceas, síndicos o depositarios, o en cual-
quiera calidad fiduciaria o representativa, cualquiera de dichas per-
sonas podrá prestar el juramento exigido por el artículo 300 de
este título, y toda planilla correspondiente a bienes de una socie-
dad deberá ser jurada por un miembro, cuando menos, de dicha
sociedad. El tasador, sin embargo, no habrá de atenerse en modo
alguno a la relación de bienes ni al valor que tuvieren fijado en la
declaración del contribuyente, sino que procederá, en vista de los in-
formes así adquiridos, o de los demás datos que pudiere obtener, a ta-
sar la propiedad en su valor real y efectivo, sin tener en cuenta una
venta forzada, según su leal saber y entender.

"Artículo 297.—Que todos los bienes muebles existentes en o
fuera de Puerto Rico, serán tasados e incluídos en el reparto de
contribuciones a nombre de su dueño respectivo, en el municipio
en que residiere el día quince de enero, excepto que los bienes
muebles consistentes en artículos, efectos, mercancías y otras exis-
tencias, maquinaria empleada en algún ramo de manufactura o en
alguna empresa mercantil, incluyéndose entre dichas maquinarias
las que se hubieren tomado en arriendo o fueren utilizadas me-
diante convenio en el cual se estipule el' pago de un canon, ga-

nado caballar y de cualquiera otra clase, y cualesquiera otros bienes muebles que estén permanentemente en un municipio, serán tasados para la imposición de contribución a nombre de sus dueños respectivos, en el municipio en que estuvieren situados, y las acciones de bancos que hacen negocios en Puerto Rico serán tasadas con cargo a sus dueños en el municipio en que estuvieren situados los referidos bancos, en la forma que se dispondrá más adelante.

"Artículo 302.—Que será deber de cada tasador, siempre que hiciere algún cambio en la tasación vigente de la propiedad de cualquier contribuyente, o tasare la propiedad de un contribuyente, la cual no hubiere sido anteriormente tasada, o hiciere alguna alteración en la lista y tasación de la propiedad en la forma presentada por algún contribuyente, cuya planilla le hubiere sido entregada al efecto, notificar su acción por escrito o impreso a dicho contribuyente, haciéndose esa notificación dejando copia en manos de dicho contribuyente, o de cualquier miembro de su familia o empleado mayor de edad, o de la persona que estuviere a cargo de dicha propiedad, o, si no fuere posible practicar dicha notificación en esa forma, trasmitiendo copia por correo certificado a dicho dueño o persona a cargo de la propiedad, y si dicha persona, o el agente autorizado de ella, no apelare de dicha tasación ante la junta permanente de revisión e igualamiento, según lo que más adelante se dispone, dicha tasación será definitiva y obligatoria."

Convenimos con el apelado en que, de acuerdo con el artículo 295, y especialmente su versión inglesa, la lista de contribuciones últimamente preparada es la base nominal o *prima facie* para la tasación del año siguiente. No se establece ninguna distinción entre la propiedad inmueble y la mueble, sino que el artículo las considera en conjunto. Cierta discreción se deja al colector en cuanto a si es necesario la retasación o no, pero si esta discreción es amplia o limitada, el proyecto de todo el artículo presenta como punto de partida la valoración del año anterior. Luego la fecha de enero 15 se fija en el artículo 297 con respecto a la propiedad mueble si es que no se fija tan claramente en el artículo 295.

En este día la propiedad de cada persona debe ser ta-

sada para el año siguiente. Las sociedades mercantiles y otras en Puerto Rico están obligadas a saber que el tasador puede recurrir o recurrirá a la tasación del año anterior a menos que ellas interesen un cambio o una revisión antes de enero 15. El mismo artículo 295 parece suponer previamente una petición para la revaloración al decir "o cuya valoración se hubiera pedido por el dueño de la propiedad." Este párrafo viene inmediatamente después de otro que hace imperativa la tasación de la propiedad que no ha sido valorada anteriormente, etc.

La apelante nos cita la Obra de Cooley sobre Contribuciones, tomo 1, edición 3a., pág. 601, donde se dice que: "Y si cuando una tasación anual es necesaria el funcionario meramente copia para un año la lista de contribuciones del año anterior la valoración será nula." Hemos examinado el texto y algunos de los casos y estamos satisfechos de que no se consideraban estatutos semejantes al nuestro. En Puerto Rico una tasación para el año anterior es *prima facie* válida para las tasaciones subsiguientes y si no se pide o hace ninguna revisión antes de esa fecha la anterior tasación subsiste.

Bajo estas condiciones, el remedio, por tanto, que tiene el contribuyente es verificar el pago bajo protesta. El puede acudir a la Junta de Revisión e Igualamiento a su debido tiempo pero en todo caso ha de verificar el pago. Si bien el Tesorero tiene discreción para revisar la valoración, su negativa a ejercitar dicha discreción no es el acto de no cumplir con un deber ministerial por virtud del cual pueda proceder una revisión mediante auto de *mandamus*.

Aun suponiendo que el acto de dejar de ejercitar tal discreción era revisable mediante *mandamus*, todavía creeríamos que la peticionaria debió haber verificado el pago bajo protesta y adoptado el remedio que concede la ley No. 17 de 1920, derogatoria de la ley de 1911.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.