ANTONIO A. ROIG, Plaintiff and Appellant, *v.* RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 7645. Argued February 10, 1939.—Decided April 21, 1939.

618

*B. Fernández García, Attorney General,* and *M. Rodríguez Ramos, Assistant Attorney General,* for appellant; *Francisco González Fagundo,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Antonio A. Roig sold a certain parcel of land to the municipality of Humacao on May 25, 1935. Thereafter the Treasurer of Puerto Rico sought to collect from him the taxes on this parcel corresponding to the fiscal year 1935–36 which amounted to $77.70. Under pressure of an attachment Roig was compelled to pay the $77.70 under protest and forthwith filed the present suit. His principal contentions were that property taxes constitute a preferred lien on the property itself and that the municipality of Humacao was the owner of the premises when the taxes became due on July 1, 1935.

The Treasurer of Puerto Rico filed a demurrer for lack of a cause of action stated which was overruled. On motion by the defendant Treasurer judgment was rendered in favor of the plaintiff, for the amount mentioned plus interest from the date of the filing of the complaint.

The only error we need to consider is the holding of the court to the effect that the complaint sufficiently stated a cause of action and consequently it is also maintained that the judgment is erroneous.

The legal question involved in the case is whether a person who sells real property to another, or to a municipality, before July 1st of any fiscal year is relieved of all personal liability for the payment of property taxes on that realty for the following fiscal year. Antonio A. Roig sold his property on May 25, 1935. The contention that the property is sub-

ject to a preferred lien in favor of the Treasurer is not decisive, and does not at all relieve of personal liability. The fact that the municipality of Humacao is exempt from taxation is likewise not necessarily conclusive of the appellee's freedom from responsibility.

The questions raised in this case have been squarely decided and settled by our decision in the case of *Teachers' Association* v. *Treasurer* (Case No. 7652, decided by this court on March 24, 1939). The only difference between that case and the present one is that there the association claimed an exemption from liability on the ground that it had become legally exempt from taxation under section 291 (e) of the Political Code when their building had become dedicated to educational purposes sometime in the month of April, 1935. It likewise refused to pay the taxes for the fiscal year 1935–1936 and only paid them under protest. In deciding against the taxpayer this court said:

"In cases of sale to transferees who are themselves exempt from taxation, it has been held that the owner of the land at the time of the assessment (*tasación*) becomes personally liable to pay the taxes imposed thereon. The Attorney General of Puerto Rico once rendered an opinion to that effect. 14 Op. Atty. Gen. 448. See also *Gloster Lumber Co., Inc.* v. *Adams County*, 163 So. 540; *Buckout* v. *City of New York*, 82 App. Div. 218 (N. Y.); *Prytania St. Market Co.* v. *City of New Orleans*, 110 La. 835, 34 So. 797; *Wood* v. *McCook Waterworks Co. et al.*, 149 N. W. 417," and other authorities.

Then we proceeded to cite from *Wood* v. *McCook Waterworks Co.*, supra.

We are of the opinion therefore that when Antonio A. Roig sold the property to the municipality on May 25, 1935, the tax for 1935–36 had been assessed to him and he was personally responsible for its payment.

A question of jurisdiction has also been raised by appellant on appeal based on the fact that the suit originally involved only $70.77 and thus under the rule of the cases of *Serrallés* v. *Treasurer*, 53 P.R.R. ____, should have been filed

in the municipal court. We are not sure that this case would not be protected by the same principle set forth by this court in its opinion in the case of *A. Cuesta & Co.* v. *Sancho Bonet*, 54 P.R.R. ____, but, anyway, the issue need not be decided as the case must be reversed.

Judgment appealed from should be reversed, without special pronouncement of costs.