Antonio A. Roig, demandante y apelado, *v.* Rafael Sancho Bonet, Tesorero de Puerto Rico, demandado y apelante.

Núm. 7645.—*Sometido:* Febrero 10, 1939. *Resuelto:* Abril 21, 1939.

*Hon. Procurador General B. Fernández García y M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del apelante; *Francisco González Fagundo,* abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Antonio A. Roig vendió cierta parcela de terreno al municipio de Humacao el 25 de mayo de 1935. Posteriormente el Tesorero de Puerto Rico trató de cobrarle las contribuciones sobre esta parcela correspondientes al año fiscal 1935-36, ascendentes a $77.70. Bajo amenazas de un embargo, Roig se vió precisado a pagar los $77.70 bajo protesta, e inmediatamente radicó el presente litigio. Sus contenciones principales fueron que las contribuciones sobre la propiedad constituyen un gravamen preferente contra la propiedad misma y que el municipio de Humacao era dueño de la finca al vencer las contribuciones el primero de julio de 1935.

El Tesorero de Puerto Rico radicó una excepción previa de falta de causa de acción, que fué declarada sin lugar. A moción del Tesorero demandado se dictó sentencia a favor del demandante por la suma mencionada, más intereses a partir de la radicación de la demanda.

El único error que es necesario que consideremos es la resolución de la corte al efecto de que la demanda aducía suficientemente una causa de acción, y, en su consecuencia, también se sostiene que la sentencia es errónea.

La cuestión legal envuelta en este caso es si una persona que vende un inmueble a otra o a un municipio antes del primero de julio de cualquier año queda relevada de toda responsabilidad personal por el pago de las contribuciones sobre el inmueble para el siguiente año fiscal. Antonio A. Roig vendió la finca el 25 de mayo de 1935. La contención de que la propiedad está sujeta a un gravamen preferente en favor del Tesorero no es decisiva, y no exime en absoluto de una responsabilidad personal. El hecho de que el Municipio de Humacao esté exento del pago de contribuciones tampoco es necesariamente concluyente de que el apelado está exento de responsabilidad.

Las cuestiones levantadas en este caso han sido resueltas de plano por nuestra decisión en el caso de *Asociación de Maestros de Puerto Rico* v. *Tesorero,* (ante, pág. 536). La única diferencia entre ese caso y el presente es que en aquél la Asociación alegó una exención de responsabilidad basada en que quedó legalmente exenta del pago de contribuciones a tenor del artículo 291 del Código Político cuando su edificio fué dedicado a fines educativos allá para el mes de abril de 1935. Igualmente se negó a pagar las contribuciones correspondientes al año fiscal 1935–36 y las pagó tan sólo bajo protesta. Al resolver el caso en contra de la asociación este tribunal dijo:

"En casos de ventas a compradores que de por sí están exentos del pago de contribuciones, se ha resuelto que el dueño del terreno al tiempo de la tasación es personalmente responsable del pago de las

contribuciones impuestas sobre el mismo. El Fiscal General de Puerto Rico una vez emitió una opinión a ese efecto. 14 Opiniones del Attorney General 448. Véanse también *Gloster Lumber Co., Inc.* v. *Adams County,* 163 So. 541; *Buckhout* v. *City of New York,* 82 App. Div. 218 (N. Y.); *Prytania St. Market Co.* v. *City of New Orleans,* 110 La. 835, 34 So. 797; *Wood* v. *McCook Waterworks Co. et al.,* 149 N. W. 417," y otras autoridades.

Entonces procedimos a citar del caso de *Wood* v. *McCook Waterworks, Co.,* supra.

Por tanto, somos de opinión que cuando Antonio A. Roig vendió la finca al municipio en mayo 25, 1935, la contribución para 1935–36 ya le había sido impuesta a él y que él era personalmente responsable del pago de la misma.

El apelante también ha levantado una cuestión de jurisdicción, basado en el hecho de que el pleito originalmente envolvía sólo la suma de $70.77 y, en su consecuencia, que de conformidad con la regla de los casos de *Serrallés* v. *Tesorero,* 53 D.P.R. 650, debió haberse presentado en la corte municipal. No estamos seguros de que este caso no estaría protegido por el mismo principio expuesto por este tribunal en su opinión emitida en el caso de *A. Cuesta & Cía* v. *Sancho Bonet* (ante, pág. 87), mas, sea ello como fuere, no es menester que la cuestión sea resuelta, toda vez que el caso ha de ser revocado.

*Debe revocarse la sentencia apelada, sin especial condena de costas.*