Lorenzo Varcárcel, demandante y apelante, · *v.* Rafael Sancho Bonet, Tesorero de Puerto Rico, demandado y · apelado.

Núm. 8370.—*Sometido:* Noviembre 20, 1942. *Resuelto:* Diciembre 23, 1942.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* aboga-
dos del apelante; *Hon. Procurador General Interino M. Rodrí-
guez Ramos,* y *José Rafael Gelpí, Procurador Auxiliar,* abogados
del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del
tribunal.

Este recurso se instó contra la sentencia que desestimó
la demanda del ahora apelante interesando la expedición de
un auto perentorio de *mandamus* dirigido contra el Tesorero
de Puerto Rico ordenándole que reciba la cantidad de $38.55
que según el demandante representa lo adeudado por él por
concepto de contribuciones sobre la propiedad hasta el 30 de
junio de 1938, luego de deducida la cantidad de $400, más
intereses, recargos y costas, cuya deducción reclama a tenor
de la Ley núm. 22 de 18 de junio de 1939, sesión especial,
pág. 95, y una vez recibida dicha suma así reducida, que
proceda a cancelarle los recibos de las contribuciones sobre
la propiedad mueble e inmueble correspondientes al ejercicio
1937-38 y años anteriores. La demanda está predicada en
las disposiciones de la Ley núm. 22 antes citada que en lo
pertinente debemos conocer para la mejor inteligencia de las
cuestiones que habremos de discutir en el curso de esta
opinión.

Prescribe la citada ley que todo contribuyente que estu-
viere adeudando contribuciones a El Pueblo de Puerto Rico,
que pague al Tesoro Insular las que se impusieren a todos
sus bienes muebles e inmuebles por el ejercicio de 1938-39
y el primer semestre de 1939-40, y además el total de su
deuda contributiva por concepto de bienes muebles e inmue-
bles hasta el 30 de junio de 1938, tendrá derecho a que se
le deduzca de dicha deuda contributiva la cantidad de $400,
más intereses, recargos y costas que adeudare, y al recibir
el pago de las referidas sumas será obligación del Tesorero
cancelar todos los recibos que por concepto de propiedad
mueble e inmueble estuviere adeudando el contribuyente el
30 de junio de 1938.

El apelante pagó las contribuciones correspondientes al ejercicio 1938–39 y las del primer semestre de 1939–40, y ofreció además la cantidad de $38.55 representativa, según él, del balance adeudado por contribuciones sobre la propiedad hasta el 30 de junio de 1938, después de deducidos los $400, intereses, recargos y costas a que hemos hecho referencia. El Tesorero recibió los $38.55 pero los devolvió al contribuyente, alegando que la suma que debía pagar por ese concepto es la de $321.66 y no $38.55, consistiendo la diferencia en que el contribuyente no había incluido en el total de las contribuciones por él adeudadas hasta el 30 de junio de 1938 las correspondientes al ejercicio de 1932–33 sobre cierta finca rústica de cuarenta cuerdas radicada en el barrio de Hato Rey, de Río Piedras, vendida por el apelante a dicho municipio por escritura de 12 de abril de 1932.

Alega el apelante que no era dueño de esa finca el 15 de enero de 1932, porque desde septiembre de 1930 la había vendido al Municipio de Río Piedras, quien desde entonces venía botando las basuras en ella, si bien no se pagó el precio ni se otorgó la correspondiente escritura hasta el 12 de abril de 1932. Arguye además el apelante que no habiéndose hecho ninguna tasación de dicha propiedad el 15 de enero de 1932 no son de aplicación los casos de *Asociación de Maestros* v. *Sancho Bonet, Tesorero,* 54 D.P.R. 536, y *Roig* v. *Sancho Bonet, Tesorero,* 54 D.P.R. 649.

Expuestos los hechos que preceden, la cuestión se reduce a resolver si correspondía o no al apelante, dentro de las circunstancias concurrentes, pagar la contribución sobre la finca de cuarenta cuerdas para el ejercicio de 1932–33.

Admite el apelante que la finca de referencia fué tasada en 1929 y que cuando fué otorgada la escritura al Municipio de Río Piedras, aparecía él como dueño para los fines contributivos; pero sostiene que el 15 de enero de 1932 no se hizo ninguna valoración.

Desde el 1924, en que se resolvió el caso de *Hernáiz, Targa & Co.* v. *Benedicto, Tesorero,* 32 D.P.R. 657, se dijo

por este Tribunal que en Puerto Rico una tasación para el año anterior es prima facie válida para los años subsiguientes y si no se pide o hace alguna revisión antes de esa fecha, la anterior tasación subsiste.

En el presente caso, es verdad que no se hizo tasación alguna el 15 de enero de 1932, pero como la verificada en el año 1929 subsistía entonces y ni el contribuyente—el ahora apelante—, ni el municipio donde radica la propiedad, solicitaron una nueva tasación, ni el tesorero creyó conveniente ordenarla de su propia iniciativa, la tasación de la propiedad en 15 de enero de 1932 era la misma que se hizo en 1929. Establecida esta premisa, es de aplicación lo resuelto en el caso de *Asociación de Maestros* v. *Sancho Bonet, Tesorero*, supra, al efecto de que hallándose la propiedad tasada a nombre de determinada persona el 15 de enero de determinado año, esa persona es responsable del pago de las contribuciones de dicha propiedad para todo el ejercicio que principia el primero de julio de dicho año y concluye el 30 de junio del siguiente. Véase al mismo efecto *Roig* v. *Sancho Bonet, Tes.*, 54 D.P.R. 649.

Ahora bien, el apelante insiste en que él vendió la finca al Municipio de Río Piedras poco después de agosto de 1930, y que por consiguiente el 15 de enero de 1932 la finca era propiedad de dicho municipio. No obstante, la prueba del propio demandante no sostiene esa conclusión. Declaró el Dr. M. Soto Rivera, testigo del demandante, que para el año 1929 le parece que existían negociaciones entre el Sr. Varcárcel y el Municipio, representado por su Alcalde, Sr. Ramón Negrón Flores, para la compraventa de esa finca. Que alrededor de aquella fecha el Municipio de Río Piedras no tenía dónde echar las basuras y el testigo, actuando como alcalde interino y sabiendo que Varcárcel iba a vender la finca al municipio, le pidió autorización para depositar las basuras en el interior de la misma, la que le fué concedida, por lo que desde entonces empezaron a echarse allí las basuras, permaneciendo el Sr. Varcárcel en posesión de la finca.

En la celebración de todo contrato de compraventa, de acuerdo con nuestro Derecho Civil, existen dos etapas que no deben ser confundidas puesto que de ellas emanan relaciones jurídicas distintas. La primera es la *perfección* del contrato que tiene lugar desde que los contratantes convienen en la cosa objeto del contrato y en el precio, aunque ni la una ni el otro se hayan entregado. Artículo 1339 del Código Civil (ed. 1930). Una vez que tiene lugar la perfección, el contrato es obligatorio para ambos, pudiendo compelerse mutuamente al cumplimiento específico de lo pactado. Ello no obstante, la propiedad sobre la cosa vendida no se trasmite al comprador hasta que tiene lugar la segunda etapa, la *consumación,* la que ocurre al verificarse la entrega de la cosa vendida. A este efecto dice Manresa, comentando el artículo correspondiente, el 1450, del Código Civil español:

"Desde que se consiente, y sin necesidad de ninguna otra circunstancia, el contrato, repetimos, está perfecto y nacen las obligaciones; pero la trasmisión de la propiedad no existe hasta que la cosa ha sido entregada. La entrega de la cosa se refiere al período de consumación; en el artículo que estudiamos se trata tan sólo de fijar el momento de la perfección." 10 Manresa, Código Civil Español, pág. 60.

En el caso de autos el contrato de compraventa quedó perfeccionado en el año 1930; pero no fué consumado sino cuando en abril de 1932 se hizo la entrega mediante el otorgamiento de la escritura. En tales circunstancias, tenemos que concluir que en 15 de enero de 1932 el apelante era dueño de la finca en cuestión, y siéndolo, estaba en el deber de pagar las contribuciones impuestas sobre la misma correspondientes al ejercicio de 1932–33. [3] No habiéndose incluído la contribución de dicho año, no podía acogerse a los beneficios de la Ley núm. 22 de 1939 ((2) pág. 95), por no haber cumplido con la condición impuesta en la sección 5 de la citada ley, que dice así:

"Sección 5. La condonación que se dispone por la sección 1 de esta Ley estará condicionada a que el contribuyente pague al Teso-

ro Insular en o antes del 31 de diciembre de 1939 las contribuciones que se le impusieron a los mismos bienes por el ejercicio 1938–39 y el primer semestre del ejercicio 1939–40 y *además el total de la deuda contributiva vencida el 30 de junio de 1938,* con exclusión de la suma de cuatrocientos dólares, intereses, recargos y costas según se provee en dicha sección 2.'' (Bastardillas nuestras.)

No incurrió la corte inferior en el error que se le imputa. *Procede la confirmación de la sentencia.*